**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:26-cv-20556-BECERRA/Torres**

ELIZABETH MADDEN,

     *Plaintiff*,

v.

THE NORTHERN TRUST COMPANY,

     *Defendant*.

                               /

**JOINT MOTION FOR HEARING**

Plaintiff Elizabeth Madden ("Mrs. Madden") and Defendant The Northern Trust Company ("Northern Trust") intend to call up certain discovery disputes, as described below, to be heard by United States Magistrate Judge Edwin G. Torres, on the date and time set forth below:

| | |
|---|---|
| Date and Time: | Thursday, April 23, 2026 at 10:00 a.m. |
| Location: | James Lawrence King Federal Justice Building<br>99 N.E. 4th Street<br>Tenth Floor, Courtroom 5<br>Miami, Florida 33132 |

These discovery disputes concern (1) whether a protective order should be entered for purposes of discovery in this case and (2) the sufficiency of Mrs. Madden's initial disclosures on damages. The disputes are described in further detail below.

**Dispute No. 1:** The Parties have a disagreement regarding whether a protective order should be entered in this case for purposes of discovery. The Parties' disagreement regarding a protective order has been evident since the Parties filed their Joint Planning and Status Report on March 12, 2026, wherein they stated that "Defendant may seek a protective order governing the confidentiality of documents produced in this litigation. Plaintiff does not believe such an order will be necessary." ECF No. 17, at 5.

143872581.1

On April 7, 2026, Northern Trust served responses and objections to to Mrs. Madden's First Requests for Production and proposed that the Parties enter into a protective order for purposes of discovery in the case. Northern Trust also provided a draft protective order at that time. Mrs. Madden has noted that Northern Trust has already described a substantial part of the subject matter in public filings in the action they filed against Christopher Walters before Judge Altman (*The Northern Trust Co. v. Walters*, S.D. Fla. Case No. 1:25-cv-23802) and contends that Northern Trust has not yet made the particularized showing of good cause required under Rule 26(c) for the type of blanket protective order it proposes. Northern Trust, for its part, maintains that a protective order is appropriate before producing materials it considers confidential, such as proprietary business information, customer financial information, and employee records.

**Dispute No. 2:** The Parties have a disagreement concerning the sufficiency of Mrs. Madden's Amended Initial Disclosures served on March 19, 2026, particularly with respect to damages. Northern Trust's position is that Mrs. Madden should provide a more detailed calculation and explanation of how she arrived at the $35 million damages figure disclosed under Rule 26(a)(1), and that she should identify or produce the documents on which any such computation is based. Mrs. Madden's position is that her First Amended Initial Disclosures served on March 19, 2026, already reflect a good-faith effort to comply with Rule 26(a)(1) at this early stage, that many of the documents necessary for a more detailed computation remain within Northern Trust's possession, custody, or control, and that further supplementation should follow after additional document discovery and expert analysis. Mrs. Madden also contends that computations of non-economic and punitive damage are not required in initial disclosures.

**Pre-Filing Efforts to Resolve the Disputes:** The Parties have engaged in multiple efforts to resolve these issues without court intervention. They exchanged written correspondence setting

out their respective positions and supporting legal authorities concerning the sufficiency of Plaintiff's damages disclosures, and counsel participated in a video conference conferral on April 13, 2026 to discuss potential compromises. Mrs. Madden also prepared written correspondence setting out her position and supporting legal authorities concerning the need for, and scope of, any protective order. During the Parties' April 13, 2026 video conference, Northern Trust offered to send Mrs. Madden authorities supporting its position with respect to the entry of a protective order in this case for purposes of discovery, but Mrs. Madden's counsel indicated that this was not necessary, as they were already very familiar with the applicable Southern District of Florida and Eleventh Circuit cases addressing protective orders. Despite these efforts, the Parties were not able to reach agreement, and the disputes remain for the Court's resolution.

**S.D. Fla. 7.1(a)(3) Certification:** Undersigned counsel certify that conferral has been made with respect to the issues that are the subject of the requested discovery hearing. Despite good-faith conferral efforts, the Parties have not been able to resolve these disputes.

**Jointly Submitted on April 16, 2026**

By: */s/ Aaron S. Weiss*
Aaron S. Weiss (FBN 48813)
Email: aweiss@carltonfields.com
Lee Stapleton (FBN 356778)
Email: lstapleton@carltonfields.com
Carlton Fields, P.A.
700 NW 1st Avenue, Suite 1200
Miami, Florida 33136
Telephone: (305) 530-0050

*Attorneys for Plaintiff*

By: */s/ Alvin Lee*
Barry A. Kamar (FBN 1033842)
Email: bkamar@kslaw.com
King & Spalding LLP
200 S. Biscayne Blvd., Suite 4700
Miami, Florida 33131
Telephone: (305) 462-6000

Alvin Lee (admitted PHV)
alvin.lee@kslaw.com
King & Spalding LLP
1290 Avenue of the Americas, 14th Floor
New York, New York 10104
Telephone: (212) 556-2100

*Attorneys for Defendant*